UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE COX, JR., a/k/a ABBUE-JAH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-02764-RLW |
| ) | |
| UNKNOWN WALKER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Willie Cox, Jr. for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice for failure to state a claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pro se litigant who brings this civil action pursuant to 42 U.S.C. § 1983. (Docket No. 1 at 3). The complaint is handwritten on a Court-provided form. Attached to the complaint are two typed pages and a copy of a warning citation issued by the Clayton Police Department. (Docket No. 1 at 7-8; Docket No. 1-1). Plaintiff names Unknown Walker as the sole defendant. (Docket No. 1 at 2). Defendant Walker is apparently a police officer for the City of

Clayton, Missouri. (Docket No. 1-1 at 1). Plaintiff does not indicate the capacity in which Walker is sued.

The cause of action described in the complaint arises out of a traffic stop, and is similar to other cases filed by plaintiff in the United States District Court for the Eastern District of Missouri.[1] The "Statement of Claim" section in the form complaint contains only the notation "See attached." (Docket No. 1 at 5). The referenced attachment contains a typewritten statement that narrates the incident of which plaintiff complains. To better understand plaintiff's claim, the statement will be quoted in its entirety:

> City of Clayton event no. 3
>
> On October 9, 2019, at approximately 19:30, I was pulled over by Walker. I informed him that the lights are not illegal in the State of Missouri and that this was an illegal stop. He (Walker) began asking me questions about the lights and I explained to him that the lights are not illegal in the State of Missouri. He (Walker) asked me for proof of insurance and I gave it to him. He (Walker) then proceeded to his vehicle and [stayed there] for [approximately] 10 minutes and exited his vehicle and issued me a warning citation. On the citation the offense was "Defective Equipment," facts as follows[:] lights all over vehicle. I informed him about his fiduciary duty and his oath[,] and he asked me had I ever been pulled over by the state police which he had been at one time, I said, "no," he then proceeded to his vehicle and I then pulled away.

---

[1] Since September 17, 2019, plaintiff has filed sixteen similar actions in this Court, including this one. *See Cox v. Lang*, 4:19-cv-02585-NAB (E.D. Mo. Sept. 17, 2019), *Cox v. Hulsey*, 4:19-cv-02586-JAR (E.D. Mo. Sept. 17, 2019), *Cox v. Hartman*, No. 4:19-cv-2587 (E.D. Mo. Sept. 17, 2019), *Cox v. Anello*, 4:19-cv-02588-AGF (E.D. Mo. Sept. 17, 2019), *Cox v. Walz*, 4:19-cv-02589-SRC (E.D. Mo. Sept. 17, 2019), *Cox v. Hulsey*, 4:19-cv-02592-SRC (E.D. Mo. Sept. 17, 2019), *Cox v. Morrow*, 4:19-cv-02593-JAR (E.D. Mo. Sept. 17, 2019), *Cox v. Grammer*, 4:19-cv-02662-PLC (E.D. Mo. Sept. 30, 2019), *Cox v. Crotzer*, 4:19-cv-02727-RLW (E.D. Mo. Oct. 7, 2019), *Cox v. Dewly*, 4:19-cv-02744-JAR (E.D. Mo. Oct. 9, 2019), *Cox v. Dodson*, 4:19-cv-02748-AGF (E.D. Mo. Oct. 9, 2019), *Cox v. Walker*, 4:19-cv-02764-RLW (E.D. Mo. Oct. 10, 2019), *Cox v. City of University City, Missouri*, 4:19-cv-02923-JCH (E.D. Mo. Oct. 28, 2019), *Cox v. Brentwood, Missouri, City of*, 4:19-cv-03067-PLC (E.D. Mo. Nov. 7, 2019), *Cox v. City of Clayton*, 4:19-cv-03091-RLW (E.D. Mo. Nov. 12, 2019); and *Cox v. City of Ferguson*, 4:19-cv-03115-SNLJ (E.D. Mo. Nov. 18, 2019).

(Docket No. 1 at 7-8). As a result of receiving this warning citation, plaintiff seeks $500,000 in compensatory damages, $500,000 in general damages, and $500,000 in punitive damages. (Docket No. 1 at 5).

## Discussion

Plaintiff brings this pro se civil action pursuant to 42 U.S.C. § 1983 against defendant Unknown Walker. For the reasons discussed below, plaintiff's complaint must be dismissed for failure to state a claim.

Plaintiff has failed to indicate the capacity in which he is suing Walker. A plaintiff can bring a § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). However, if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id. See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims"). Because plaintiff has failed to expressly and unambiguously state that he is suing Walker in his individual capacity, the Court must presume that Walker is sued in his official capacity only.

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Here, based on the allegations in the complaint and the information provided in the attached warning citation, it appears that Walker is a police officer for the City of Clayton. As such, an official capacity claim against Walker is actually a claim against the City of Clayton itself.

A local governing body such as the City of Clayton can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, the plaintiff must establish the municipality's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three avenues by which plaintiff can prove the City of Clayton's liability.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar

6

constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, plaintiff does not provide any factual allegations supporting the contention that the City of Clayton has an unconstitutional policy or custom that makes it responsible for the purported violation of plaintiff's constitutional rights. He also fails to present any facts that tend to show that his constitutional rights were violated by the City of Clayton's failure to train or supervise its employees. Instead, plaintiff's claim focuses on a single incident that occurred on October 9, 2019, in which plaintiff states – in a conclusory manner – that he was subjected to "an illegal stop." This is insufficient to support a municipal liability claim. Therefore, plaintiff's official claim against Walker must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Even if plaintiff had sued defendant Walker in an individual capacity, his complaint would still be subject to dismissal.

Plaintiff does not challenge the constitutionality of the applicable law at issue in this case. Rather, he is seeking monetary relief from defendant Walker for violating the Fourth Amendment

by issuing him a warning traffic citation. In support of his claim, plaintiff rests on the assertion that his vehicle's lights were not illegal.

A traffic stop is legal under the Fourth Amendment if it is supported by probable cause to believe that a violation of the law has occurred. *Whren v. United States*, 517 U.S. 806, 810 (1996). *See also PPS, Inc. v. Faulkner Cty., Ark.*, 630 F.3d 1098, 1107 (8th Cir. 2011) (stating that for a plaintiff to succeed on a Fourth Amendment unlawful seizure claim, the offending officer must lack probable cause). Any traffic violation, even a minor one, creates probable cause for an officer to stop a vehicle. *United States v. Gregory*, 302 F.3d 805, 809 (8th Cir. 2002).

The standard by which a court determines whether an officer's actions are justified is an objective one. *United States v. Mallari*, 334 F.3d 765, 766-67 (8th Cir. 2003). The officer must have an "objectively...reasonable basis for believing that the driver has breached a traffic law." *Id.* The officer's belief can be considered objectively reasonable even if it was mistaken. *United States v. Sanders*, 196 F.3d 910, 913 (8th Cir. 1999).

Here, plaintiff has failed to state a Fourth Amendment claim, because he has not established that defendant Walker lacked an objectively reasonable basis for confronting him and issuing a warning citation. While plaintiff concludes that his lights are legal under state law, it is clear from his factual recitation that defendant Walker thought otherwise. Specifically, plaintiff states that Walker issued him a warning citation for "defective equipment" because plaintiff had "lights all over [his] vehicle." Plaintiff focuses on the legality of his lights, but that is not the determinative factor in the traffic stop. Rather, it is whether Walker had a reasonable basis to believe that plaintiff breached a traffic law. Plaintiff's facts do not establish that Walker lacked a reasonable basis. Even if Walker was mistaken, and plaintiff's lights were legal, plaintiff still has not stated a plausible Fourth Amendment claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 4th day of December, 2019.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE